IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANE SIANTOU,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | A-24-CV-725-ADA |
| | §<br>§<br>§ | |
| NORTH AMERICAN SAVINGS BANK,<br>Defendant. | §<br>§ | |

**ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant North American Savings Bank's ("NASB") Motion for Summary Judgment (ECF No. 36) ("Motion"). The Court has considered the Motion and Plaintiff Stephane Siantou's ("Plaintiff" or "Siantou") Response (ECF No. 45). For the following reasons, the Motion is GRANTED.[1]

## I. BACKGROUND

Plaintiff obtained a mortgage loan from NASB for the purchase of a home on or about January 21, 2022, the terms of which are governed by a Note and Deed of Trust. *See* Compl., ¶¶ 5.01-5.02; *see also* Declaration of Lori West ("West Decl."), Ex. A (Note), Ex. B (Deed of Trust). As it relates to insurance coverage, the Deed of Trust makes clear that it is Plaintiff's responsibility to ensure that the property is adequately insured. *See* Deed of Trust, ¶ 5 ("Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term 'extended overage,' and any other hazards including, but not limited to, earthquakes and

[1] The Court grants summary judgment as to each of Plaintiff's claims. In so doing, however, the Court does not rely upon NASB's Article III standing argument, which is rejected.

floods, for which Lender requires insurance.”). If servicing of the mortgage loan is transferred (including the administration of any escrow account associated with the loan), the Deed of Trust calls for notice to be provided to Plaintiff, as the borrower, but does not require notice to any third party. *See id.* at ¶ 20.

At the closing on Plaintiff’s loan in January 2022, his homeowner’s insurance premiums were prepaid for a period of twelve (12) months. *See* West Decl., Ex. C (Closing Disclosure), § G; *see also* Deposition of Stephane Siantou (“Siantou Dep.”) at 15:2-16:2. NASB subsequently sold the loan to JPMorgan Chase Bank, N.A. (“Chase”) on March 4, 2022, and transferred it on March 8, 2022. *See* West Decl., ¶ 5; *see also* Compl., ¶ 5.07; Siantou Dep. at 19:5-6. As part of that process, NASB provided both Plaintiff and his homeowners’ insurer with notice regarding the transfer of Plaintiff’s loan. *See* West Decl., ¶¶ 6-7, Exs. D (Notice of Change of Servicer to Plaintiff), E (Notice of Change of Servicer – Hazard Insurance). As of March 8, 2022, therefore, NASB no longer had any interest in Plaintiff’s mortgage loan or played any role with respect to its servicing thereafter during the time frame relevant to these proceedings. *See* West Decl., ¶ 5.

On or about March 13, 2022, Plaintiff’s homeowner’s insurer issued him a Notice of Cancellation due to an “open water claim” that pre-dated Plaintiff’s mortgage loan. *See* Siantou Dep., Ex. 3. That Notice further stated that any excess premium would be refunded to him (not NASB). *See id.* Plaintiff acknowledges that this cancellation notice made no mention of any nonpayment of premium. *See* Siantou Dep. at 31:8-33:20. The issue regarding Plaintiff’s open water claim was apparently resolved (per a letter from Plaintiff’s insurer dated April 13, 2022), as Plaintiff’s policy was reinstated with no lapse in coverage. *See* Siantou Dep., Ex. 4.

Plaintiff does not dispute that his insurer sent him a premium refund check, though he disclaims knowledge of it due to the fact that he was traveling overseas for several months during the relevant time period. *See* Siantou Dep. at 35:15-36:23. Notably, all of this transpired after NASB transferred Plaintiff's mortgage loan to Chase.

Ultimately, Plaintiff's homeowner's policy was cancelled because, after being issued a refund of excess premiums paid upon the initial cancelation of his policy, there was a premium payment again due upon reinstatement of his policy that Plaintiff failed to pay. *See Siantou v. Safeco Ins. Co. of America d/b/a and a/k/a American Economy Ins. Co.*, No. 5:24-cv-00721-OLG-RBF, Doc. 18 at 8-10 (W.D. Tex. June 3, 2025). His account was referred to collections as a result of this nonpayment. *See id.*

Plaintiff claims he did not receive any of the letters Safeco sent him regarding his outstanding premium payment or cancellation of his policy (because he was out of the country) and did not realize there was any issue with his policy until he applied for a credit line increase (twice) and was denied in November 2022. *See* Siantou Dep. at 48:5-49:4, 56:17-22, Exs. 5-6.

Plaintiff's evidence of such denials (and the extent of damages evidence he has offered) consists of two denials of requests for credit increases – one from Capital One and one from Bank of America – dated November 17, 2022 and November 21, 2022 respectively. *See* Siantou Dep., Ex. 5, 6. Each references a "derogatory record" or account in collections within the previous sixty (60) days, but neither identifies Plaintiff's Safeco account. *See id.* Plaintiff admits that he had at least one other account in collections during this time frame. *See id.* at 49:10-24. Plaintiff offers no evidence of other damages, apart from generalized allegations and unsupported, self-serving testimony regarding his alleged emotional distress.

## II. LEGAL STANDARD

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See First American Bank & Trust of Louisiana v. Texas Life Ins. Co.,* 10 F.3d 332, 334 (5th Cir.1994) ("Summary judgment should be granted where the moving party presents evidence which negates any essential element of the opposing party's claim or where any essential element is without factual support."); Fed. R. Civ. P. 56. Once the movant meets its burden, the nonmoving party must come forward with admissible evidence sufficient to establish a genuine issue of material fact. *See Caldas & Sons, Inc. v. Willingham,* 17 F.3d 123, 126-27 (5th Cir. 1994). Unsubstantiated assertions or speculation do not suffice, nor may a party rest on allegations or conclusory inferences. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). Summary judgment is appropriate where, as here, the non-moving party is unable to offer evidence sufficient to establish the existence of an element essential to that party's case and on which that party will bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *First American Bank*, 10 F.3d at 334.

## III. ANALYSIS

### A. <u>Plaintiff's Claim for Promissory Estoppel Is Precluded by the Contract Between the Parties</u>

Plaintiff alleges that NASB is liable to him under a theory of promissory estoppel because, according to Plaintiff, NASB "promised" him that it would make timely payments from Plaintiff's escrow account for the payment of Plaintiff's insurance premiums in accordance with the Closing Disclosure. *See* Compl. at ¶ 8.01.02. Plaintiff's

claim ignores the valid, enforceable contract between the parties, however, which is comprised of the Note and Deed of Trust.

It is well settled that where such a contract exists, the doctrine of promissory estoppel is inapplicable and no such claim will be permitted. *See, e.g.*, *Doctors Hosp. 1997, L.P. v. Sambuca Houston, L.P.*, 154 S.W. 3d 634, 636 (Tex. App. - Houston [14th Dist.] 2004, pet. abated) ("For many years, Texas courts have held that promissory estoppel becomes available to a claimant only in the *absence* of a valid and enforceable contract.") (emphasis in original) (collecting cases); *see also Barker v. Brown*, 772 S.W.2d 507, 510 (Tex. App.- Beaumont 1989, no writ) ("The law is well settled that the doctrine of promissory estoppel is not applicable where there exists a legally valid contract between the parties.").

Because parties' respective rights and obligations pertaining to Plaintiff's mortgage loan are governed by a written contract, there can be no claim for promissory estoppel. The Court thus finds that Plaintiff has failed to demonstrate a genuine issue of material fact on this issue. NASB's Motion is granted as to Plaintiff's Promissory Estoppel Claim.

**B. <u>Plaintiff Cannot Show Any Breach of Contract by NASB</u>**

To establish a claim for breach of contract, it is axiomatic that Plaintiff must establish a breach by NASB of a valid contract between the parties, and that he incurred damages resulting from that breach. *See, e.g.*, *Walker v. Presidium, Inc.*, 296 S.W.3d 687, 693 (Tex. App. - El Paso 2009, no pet.) ("The elements of a claim for breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach."). Plaintiff is unable to meet this burden.

Plaintiff's claim for breach of contract is premised upon his allegation that NASB breached the Closing Disclosure associated with Plaintiff's mortgage loan because it allegedly failed to pay Plaintiff's homeowner's insurance premiums and failed "to make reasonable arrangements to ensure continued disbursements from Plaintiff's escrow account" for said premiums. *See* Compl., ¶ 8.02.07. But the Closing Disclosure is not a contract. Rather, by its terms, it is simply a "statement" of the final loan terms and closing costs, which directs Plaintiff to the Note and Deed of Trust (i.e., the contract) for further information. *See* Closing Disclosure, at 1, 5. The Closing Disclosure does not independently confer any rights upon Plaintiff or impose any obligations on NASB outside the terms of the Note and Deed of Trust, and Plaintiff has failed to identify any provision of either the Note or Deed of Trust that NASB ostensibly violated.

The Closing Disclosure on which Plaintiff relies in support of his claim confirms that Plaintiff's homeowners' insurance premiums were paid in full for a period of twelve (12) months at the time of his loan closing in January 2022. *See* Closing Disclosure, § G. Plaintiff offered no evidence to the contrary and does not dispute that the payment reflected in the Closing Disclosure was made. NASB sold Plaintiff's mortgage loan shortly thereafter, and played no role with respect to its servicing after the loan was transferred to Chase in March 2022. NASB informed both Plaintiff and his insurance company that the loan had been transferred (though there is no provision in the Note or Deed of Trust requiring it to do so), and Plaintiff offered no evidence to the contrary. *See* West Decl., ¶¶ 6-7.

Plaintiff also failed to offer competent evidence that he suffered damages as a result of NASB's alleged breach of contract. The credit-denial notices on which Plaintiff relies do not identify NASB, Plaintiff's homeowners' insurance account, or any conduct by

NASB as the basis for the credit decisions at issue. Plaintiff further admitted that he had at least one other account in collections during the same period. As a result, Plaintiff cannot establish a genuine issue of material fact regarding causation or damages. The Court therefore finds that there is no genuine issue of material fact as to at least two elements required to support Plaintiff's claim for breach of contract. Accordingly, NASB's Motion is also granted as to Plaintiff's claim for breach of contract.

### C. Plaintiff is Not Entitled to Relief Under the Texas Deceptive Trade Practices Act Because He Is Not A "Consumer" for Purposes of the Act

To succeed on a claim under the Texas Deceptive Trade Practices Act ("DTPA"), Plaintiff must show, among other things, that he was a "consumer" in the context of the transaction at issue. *See, e.g.*, *Syphrett v. Nationstar Mortg. Co., LLC.*, No. 09-18-00451-CV, 2020 LEXIS 8787, at *49-50; 2020 WL 6600973 *17 (Tex. App. - Beaumont Nov. 12, 2020, no pet.); *White v. Mellon Mortgage Co.*, 995 S.W.2d 795, 801 (Tex. App. - Tyler 1999, no pet.) ("Only consumers have standing to bring DTPA claims."). Whether Plaintiff is deemed a "consumer" under the DTPA is a question of law. *Kenneth H. Hughes Interests, Inc. v. Westrup*, 879 S.W.2d 229, 234 (Tex. App. - Houston [1st Dist.] 1994, writ denied). "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good [n]or a service." *Syphrett*, 2020 Tex. App. LEXIS 8787, at *50 (quoting *Fix v. Flagstar Bank FSB*, 242 S.W.3d 147, 159 (Tex. App. - Fort Worth 2007, pet. denied)). A mortgagor, such as Plaintiff, *may* qualify as a consumer under the DTPA, but only where his primary objective in obtaining the loan was to acquire the good or service at issue in the Complaint. *See Syphrett*, 2020 Tex. App. LEXIS 8787, at 850. That is not the case here.

Plaintiff's primary objective in obtaining his mortgage loan was to purchase his home. *See* Compl., ¶ 5.01. The purchase of his homeowners' insurance policy, and NASB's servicing of Plaintiff's loan with respect to that policy, was merely incidental to the transaction, and thus insufficient to make Plaintiff a "consumer" for purposes of the DTPA. *See Allen v. Am. Gen. Fin., Inc.*, 251 S.W.3d 676, 694 (Tex. App - San Antonio 2007, pet. granted, vacated by settlement) ("A borrower whose sole objective is a loan does not become a consumer merely because the lender provides services incidental to the loan that are not the independent objectives of the transaction."), *cited in Syphrett*, 2020 Tex. App. LEXIS 8787, at *51 ("[A] mortgagor challenging how an existing mortgage is serviced is not a consumer under the DTPA because the basis of the claim is the subsequent loan servicing activities and not any goods or services acquired in the original transaction."); *see also White*, 995 S.W.2d at 801 (The borrower could not make a claim under the DTPA arising out of the payment of PMI premiums because the collection of such premium payments, as required by the deed of trust, was not a service she sought to purchase).

Because neither Plaintiff's homeowners insurance policy nor NASB's servicing of the loan related to such policy was a good or service that Plaintiff sought to acquire through his mortgage loan, Plaintiff cannot be deemed a "consumer" for purposes of the DTPA. The Court therefore grants NASB's Motion as to Plaintiff's DTPA claim.

**D. Plaintiff's Negligence Claims Fail as a Matter of Law**

Plaintiff's claims for negligence, negligence per se, and gross negligence each fail as a matter of law because NASB owed no duty of care to Plaintiff.[2] *See Reyes v. Dollar Tree Stores, Inc.*, 221 F. Supp. 3d 817, 825 (W.D. Tex. 2016) (quoting *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996)); *Critchfield v. Smith*, 151 S.W.3d 225, 230 (Tex. App.—Tyler 2004, pet. denied) (duty is an essential element of a negligence claim); *Reeder v. Daniel*, 61 S.W.3d 359, 364 (Tex. 2001) ("It is fundamental, however, that a legal duty must exist before a defendant is held liable for negligence."); *Horton v. MMM Ventures LLC*, 2023 WL 4486211, at *6 (Tex. App.—Dallas July 12, 2023, pet. filed) ("Existence of a legally cognizable duty is a prerequisite to a finding of negligence per se."); *Hill v. Fitness Int'l, LLC*, 2023 Tex. App. LEXIS 1906, at *17 (Tex. App.— Fort Worth Mar. 23, 2023, no pet.) (mem. op.) (citing *AEP Tex. Cent. Coo. V. Arredondo*, 612 S.W.3d 289, 298 (Tex. 2020) ("The existence of a duty of care is also an element of a gross-negligence claim.")). The issue of whether such a duty exists is a question of law for the Court to decide. *See Reyes*, 221 F. Supp. 3d at 825.

It is well settled that a lender owes no duty of care to a borrower that would support a negligence claim. *See, e.g.*, *Flowers v. Am. Nat'l Bank, N.A.*, No. 05-95-00761-CV, 1996 WL 743761, at *4 (Tex. App. - Dallas Dec. 12, 1996, no pet.) ("A debtor-creditor relationship imposes no duties on the lender under a negligence cause of action."); *cited in Mitchiner-Owen v. OCWEN Loan Servicing, LLC*, No. 3:14-CV-00407-P, 2015 WL 11120980, at *2 (N.D. Tex. Feb. 18, 2015) (rejecting plaintiff's claim that defendant owed

[2] Count IV of Plaintiff's Complaint (Negligence) suggests that he is also basing his claim on an alleged duty owed under the DTPA. *See* Compl., ¶ 8.04.02. The DTPA provides no basis for Plaintiff's claim, however, for the reasons set forth in Section C above.

a duty of reasonable care with respect to the servicing of her loan); *see also Bassie v. Bank of America, N.A.*, No. 4:12–CV–00891, 2012 WL 6530482, at *5 (S.D. Tex. Dec. 13, 2012); *Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1005-06 (S.D. Tex. 2011); *Escanlar v. Wells Fargo Bank, N.A.*, No. 4:10–CV–498, 2011 WL 1466279, at *5 (E.D. Tex. Mar. 28, 2011).

Here, the relationship between NASB and Plaintiff is limited to NASB's role as his lender for a short period of time in 2022 before Plaintiff's mortgage loan was transferred to Chase. NASB thus owed no duty to Plaintiff that could support a claim under any of the negligence theories he has alleged. This Court thus grants NASB's Motion with respect to each of Plaintiff's negligence claims (Counts IV, V and VI).

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff has failed to come forward with evidence sufficient to establish the existence of any genuine issue of material fact for trial. IT IS THEREFORE ORDERED that NASB's Motion is GRANTED and the case is DISMISSED with prejudice. IT IS FURTHER ORDERED that all pending motions not otherwise ruled upon are DENIED AS MOOT. Having completed a *de novo* review, Plaintiff's objections, ECF No. 53, have been reviewed and are OVERRULED.

Dated: 08/04/2026.

BY THE COURT:

The Honorable Alan D Albright
UNITED STATES DISTRICT JUDGE